IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-63-FL

| | |
|---|---|
| STONECREST PARTNERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BANK OF HAMPTON ROADS, | ) |
| Successor in Interest by Merger to Gateway | ) |
| Bank & Trust Co., | ) |
| | ) |
| Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| DENNIS CHISUM; BLANCHE CHISUM; | ) |
| ELLIOT W. COLEMAN; TRACY COLEMAN; | ) |
| DANA J. JONES; KRISTI JONES; and | ) ORDER |
| DENNIS CROCKER. | ) |
| | ) |
| Third-Party Defendants. | ) |
| | ) |
| BLANCHE CHISUM, TRACY COLEMAN, | ) |
| and KRISTI JONES, | ) |
| | ) |
| Third-Party Counterclaimants, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BANK OF HAMPTON ROADS, | ) |
| Successor in Interest by Merger to Gateway | ) |
| Bank & Trust Co., | ) |
| | ) |
| Third-Party Counter-Defendant. | ) |

This matter comes before the court on the motion for judgment on the pleadings of The Bank of Hampton Roads ("the Bank" or "defendant") (DE # 18). Defendant has moved pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the third-party counterclaimants' counterclaim under the Equal Credit Opportunity Act ("ECOA"). The motion has been responded to, and the issues raised are now ripe for ruling.

## BACKGROUND

On June 21, 2007, plaintiff Stonecrest Partners, LLC executed and delivered to the Bank a promissory note, obtaining a loan in the amount of $8,700,000.00. That same day, third-party counterclaimants and their spouses Denis Chusum, Elliot W. Coleman, and Dana J. Jones (collectively "the Guarantors"), executed continuing commercial guaranties (collectively "the Guaranties") guaranteeing the indebtedness evidenced by the promissory note. The promissory note remains unpaid, with the amount due and owing to the Bank totaling $5,497,009.23 as of April 14, 2010.

Pursuant to the Guaranties, the Bank demanded payment from the Guarantors of all amounts due under the promissory note. On April 23, 2010, with the demand unfulfilled, the Bank filed a third-party complaint to enforce the Guaranties. Third-party counterclaimants filed their counterclaim on May 12, 2010, alleging that the Bank violated the ECOA by requiring third-party counterclaimants' guaranty as a condition of the loan, based upon their status as spouses of the principal applicants. The counterclaim seeks to void the Guaranties of third-party counterclaimants and seeks other penalties allowed under the ECOA.

2
Case 7:10-cv-00063-FL Document 28 Filed 09/08/10 Page 2 of 6

## DISCUSSION

A.  Standard of Review

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings, "after the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). In reviewing a motion for judgment on the pleadings, the court applies "the same standard" as for motions made pursuant to Rule 12(b)(6). Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002).

The purpose of a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). Thus when a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual allegations of the complaint are taken as true, whereas those of the answer are taken as true only to the extent that they have not been denied or do not conflict with those in the complaint. Pledger v. North Carolina Dep't of Health & Human Services, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998). A federal district court considering a motion to dismiss for failure to state a claim must view the allegations of the claim in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

B.  Analysis

The ECOA makes it unlawful for any creditor to discriminate in any credit transaction on the basis of marital status. See 15 U.S.C. § 1691(a)(1). "The purpose of the ECOA is to eradicate

credit discrimination waged against women, especially married women whom creditors traditionally refused to consider for individual credit." Anderson v. United Finance Co., 666 F.2d 1274, 1277 (9th Cir. 1982); see also 12 C.F.R. § 202.1(b). As pertinent here, the ECOA specifically prohibits a creditor from requiring a spouse's signature on a note when the applicant individually qualifies for credit. 12 C.F.R. § 202.7(d)(1); Anderson, 666 F.2d at 1276, 1277.

Any claim alleging violation of the ECOA must be brought not "later than two years from the date of the occurrence of the violation." 15 U.S.C. § 1691e(f). The ECOA does not define when precisely a violation occurs, thus it is unclear when the ECOA's two-year statute of limitations begins to run. Indeed, the only issue ripe for the court's determination is whether an ECOA violation occurs upon the signing of the loan document that is the subject of the violation or upon the bank's declaration that the guaranty is enforceable.[1]

A review of § 1691, its legislative history and purpose, and the cases interpreting it reveal that an ECOA violation occurs at time of the bank's discriminatory act. In other words, an ECOA violation is committed when an applicant's spouse is required to sign "a note when the applicant individually qualifies for credit"; the act of requiring the additional signature is itself the violation. As such, the statute of limitations begins running the date the underlying loan document is signed. See, e.g., Farrell v. Bank of New Hampshire-Portsmouth, 929 F.2d 871, 874 (1st Cir. 1991); Archer v. Nissan Motor Acceptance Corp., 633 F. Supp. 2d 259, 262 (S.D. Miss. 2007); FDIC v. Skotzke, 881 F. Supp. 364, 368 (S.D. Ind. 1994); Silverman v. Eastrich Multiple Investor Fund, L.P., 857 F. Supp. 447, 452 (E.D. Pa. 1994), rev'd on other grounds, 51 F.3d 28 (3d Cir. 1995); Stern v. Espirito Santo Bank of Florida, 791 F. Supp. 865, 868 (S.D. Fla. 1992).

---

[1] The Fourth Circuit has not yet decided when a cause of action arises under the ECOA.

4

In Farrell, a First Circuit case on point, the "major question" at issue was whether an action claiming discrimination under the ECOA "accrues for statute of limitations purposes when the alleged discriminatory act occurs or when the spouses receive notification of the act." Farrell, 929 F.2d at 872. The court reviewed the legislative history and policy objectives of the ECOA, and concluded that the violation occurred upon "the bank's discriminatory act rather than the subsequent receipt of official notice by the plaintiff spouses . . . ." Id. at 872, 874.

This interpretation also is in line with the general principles of statutes of limitation. Generally a limitations period begins to run when a plaintiff knows or has reason to know of the injury forming the basis of the action. A plaintiff is charged with knowledge of the legal effect of the documents she signed. See generally Stern, 791 F. Supp. at 868-69. "Courts interpreting the ECOA under facts similar to these have consistently held that the violation occurs, and the limitations period begins to run, upon the signing of the note." Id. at 868 (citing cases).

In this case, the violation alleged is that the Bank illegally required third-party counterclaimants' guaranties for their husbands' loans. If a violation of the ECOA occurred, it occurred at the time the Bank required third-party counterclaimants to sign the Commercial Guaranties on or about June 21, 2007. The claim, however, was not filed until May 12, 2010, more than two years later. Therefore, third-party counterclaimants' ECOA claim is time-barred and defendant's motion for judgment on the pleadings as to this claim is GRANTED.

## CONCLUSION

For the foregoing reasons, the motion for judgment on the pleadings of The Bank of Hampton Roads is GRANTED (DE # 18) and third-party counterclaimants' ECOA claim is dismissed. The

5

Case 7:10-cv-00063-FL   Document 28   Filed 09/08/10   Page 5 of 6

parties are reminded that this case will proceed according to the deadlines and procedures set forth in the Case Management Order entered July 14, 2010.

SO ORDERED, this the 5th day of September, 2010.

                              LOUISE W. FLANAGAN
                              Chief United States District Judge