IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:10 CV 63

| | |
|---|---|
| **STONECREST PARTNERS, LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**THE BANK OF HAMPTON ROADS,** )<br>**Successor in interest by merger to** )<br>**GATEWAY BANK & TRUST CO.** )<br>)<br>**Defendant,** )<br>)<br>v. )<br>)<br>**DENNIS CHISUM, BLANCHE** )<br>**CHISUM, ELLIOT W. COLEMAN,** )<br>**TRACY COLEMAN, DANA J. JONES,** )<br>**KRISTI JONES, and DENNIS** )<br>**CROCKER,** )<br>)<br>**Third-Party-Defendants.** )<br>) | <br><br><br><br><br><br><br><br><br><br><br>**CONSENT PROTECTIVE ORDER** |

THIS CAUSE came on to be heard upon the joint motion of all parties.

AND IT APPEARING to the Court that this action arises out of a loan agreement entered into by Plaintiff StoneCrest Partners, LLC ("Plaintiff") and Defendant The Bank of Hampton Roads, as successor in interest by merger to Gateway Bank & Trust Co. ("Gateway") and guaranty agreements entered into by Third-Party Defendants Dennis Chisum, Blanch Chisum, Elliot W. Coleman, Tracy Coleman, Dana J. Jones, Kristi Jones, and Dennis Crocker and Third-Party Plaintiff Gateway;

AND IT FURTHER APPEARING to the Court that discovery and use of discovery

materials in this action will involve the disclosure of confidential financial information, trade secrets, or commercial information requiring protection against unrestricted disclosure or use and that entry of a Protective Order ("Order") is appropriate;

THEREFORE, the terms of this Order being agreed to by counsel for the parties, it is hereby STIPULATED, AGREED, AND ORDERED that the following restrictions and procedures shall apply to certain information, testimony, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests, or by third-parties in response to a subpoena or subpoena *duces tecum*:

1. <u>Definitions</u>:

    a. "<u>Document</u>." When used in this Order, the term "document" means all writings, drawings, graphs, charts, recordings, computer disks and tapes, electronically stored information, audiotapes, videotapes, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

    b. "<u>Information</u>." When used in this Order, the term "information" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other material produced, given, or filed in this action.

    c. "<u>Parties</u>." When used in this Order, the term "Parties" means: Plaintiff Stonecrest Partners, LLC; Defendant and Third-Party Plaintiff The Bank of Hampton Roads, as successor in interest by merger to Gateway Bank & Trust Co.; and Third-Party Defendants Dennis Chisum, Blanche Chisum, Elliot W. Coleman, Tracy Coleman, Dana J. Jones, Kristi Jones, and Dennis Crocker.

2. This Order shall govern certain documents, electronic data, and other information

produced in response to any discovery or request or obligation by the Parties in this action, all information contained therein, and all copies, excerpts, or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents, documents subpoenaed in connection with depositions, any deposition transcript or portion thereof, any audio or video recording of a deposition as to which protection is sought under this Order, and any data contained on any hard drive or other electronic media produced by a party or non-party.

3. The following documents, material and / or information may be designated as "CONFIDENTIAL" pursuant to this Order: (a) confidential business information; (b) sensitive financial information pertaining to Plaintiff Stonecrest Partners, LLC and / or Third-Party Defendants Dennis Chisum, Blanche Chisum, Elliot W. Coleman, Tracy Coleman, Dana J. Jones, Kristi Jones, and Dennis Crocker. Any party producing or furnishing such information of any nature and in any medium to another party, to the Court, or at a deposition in connection with this litigation, may designate as "CONFIDENTIAL," in accordance with the procedures set forth herein, any such document, material, or information, or any part thereof, as set forth in Paragraph 2 of this Order. Such designation shall be made at the time the information is produced or furnished, or at a later time as provide herein.

4. The following documents, material, and / or information may be designated as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" pursuant to this Order: (a) sensitive financial information pertaining to any individual or entity not related to or affiliated with the Parties; (b) proprietary business information; and (c) trade secrets. Any party producing or furnishing such information of any nature and in any medium to another party, to the Court, or at a deposition in connection with this litigation, may designate as "HIGHLY CONFIDENTIAL-

ATTORNEY'S EYES ONLY," in accordance with the procedures set forth herein, any such document, material, or information, or any part thereof, as set forth in Paragraph 2 of this Order. Such designation shall be made at the time the information is produced or furnished, or at a later time as provide herein.

5. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" information (hereinafter collectively referred to as "Confidential Information") shall not include: (a) any information that is properly in the public domain at the time of disclosure or thereafter comes into the public domain (other than by breach of this Order or any other confidentiality agreement or obligation); or (b) any information which is disclosed to any party in good faith by a third party not affiliated with or employed by any party, who has the legal right to make such disclosure.

6. Information and documents disclosed pursuant to a discovery response may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" by indicating in the discovery response that the information contained therein is so designated and subject to the provisions of this Order and / or by marking each document "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY." Each party is responsible for designating its own information or documents.

7. Information and documents disclosed at deposition may be designated by either (a) indicating on the record at the deposition that the information or document is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" and subject to the provisions of this Order; or (b) by notifying the other parties, in writing within thirty (30) calendar days of the receipt of the transcript, of those pages and lines or those exhibits that are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."

8. All information or documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" in accordance with the terms of this Order shall be used <u>solely</u> for the purposes of prosecuting or defending this action and shall not be used for any other purpose.

9. All information or documents designated as "CONFIDENTIAL" shall be maintained in confidence by the parties to whom such information is produced or given and shall not be disclosed to any person except:

    a. The Court (including court reporters, stenographic reporters and videographers and court personnel);

    b. The attorneys of record, indicated as signatories hereto, their partners, employees, contractors, and associates of the party's counsel (collectively hereinafter referred to as "the party's counsel");

    c. The Parties, including the officers, employees and agents of the parties; provided however, that such persons shall receive such Confidential Information solely on a "need to know" basis for purposes of prosecuting or defending this action and for no other purposes;

    d. Independent, non-party experts or consultants and their staff, litigation support personnel and their staff retained by the party's counsel in this action, solely on a "need to know" basis; provided however, that each such person signs a Nondisclosure Agreement in the form of Exhibit A hereto, which shall be maintained by the party retaining such experts or litigation support personnel;

    e. Any potential or actual deposition or trial witness, to the extent that it is necessary to tender such witness Confidential Information as an exhibit in

order to elicit testimony relevant to the matters at issue in this case; and

f.  Mediators appointed by the Court or consented to by the Parties.

10. All information or documents designated as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall be maintained in confidence by the parties to whom such information is produced or given and shall not be disclosed to any person except:

a.  The Court (including court reporters, stenographic reporters and videographers and court personnel);

b.  The attorneys of record, indicated as signatories hereto, their partners, employees, contractors, and associates of the party's counsel (collectively hereinafter referred to as "the party's counsel");

c.  Independent, non-party experts or consultants and their staff, litigation support personnel and their staff retained by the party's counsel in this action, solely on a "need to know" basis; provided however, that each such person signs a Nondisclosure Agreement in the form of Exhibit A hereto, which shall be maintained by the party retaining such experts or litigation support personnel;

d.  Any other person as to whom the producing party agrees in writing prior to such disclosure; and

e.  Based on his vast banking experience, Guarantor, Mr. Dennis Crocker as a consultant in this matter who may also serve as a non-retained expert.

11. If a deponent is asked to provide information that is designated by the deponent or his or her counsel as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY," then upon notification by the deponent or his or her counsel, all individuals attending the deposition except for those individuals designated in paragraph 10 of the Order shall leave the deposition while

such "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" information is disclosed. Further, any such "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" information disclosed in the deposition shall be subject to the restrictions contained in paragraph 10 of the Order and shall be subject to the terms of paragraph 13 of this Order.

12. If a deponent is asked to provide information that is designated by the deponent or his or her counsel as "CONFIDENTIAL," then upon notification by the deponent or his or her counsel, all individuals attending the deposition except for those individuals designated in paragraph 9 of this Order shall leave the deposition while such "CONFIDENTIAL" information is disclosed. Further, any such "CONFIDENTIAL" information disclosed in the deposition shall be subject to the restrictions contained in paragraph 9 of this Order and shall be subject to the terms of paragraph 13 of this Order.

13. The burden of demonstrating that documents are CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY, in the event of an unresolved dispute, should be on the party designating the documents with such respective label. Nothing in this Order shall be construed as assent by a party that designated information or documents are entitled to protection under Fed. R. Civ. P. 26(c). Within thirty (30) days of a party designating information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY," a party may challenge the designation by requesting in writing that it be withdrawn. If, after conferring, the Parties cannot resolve the disputed designation, the party challenging the designation may seek an order from the Court determining that the information or documents are not entitled to protection, or may be disclosed to persons other than those named in paragraphs 9 and 10 above. Unless and until the Court shall issue a ruling that the information may be disclosed to persons other than those named in paragraphs 9 and 10 above, the information in

question shall continue to be treated by the Parties as Confidential Information, and all provisions of this Order shall be adhered to with respect to the same.

14. Each time a party seeks to file under seal "Confidential" of "Highly Confidential" documents, things, and / or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (a) the exact documents, things, and / or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

15. When a party seeks to file "Confidential" or "Highly Confidential" documents, things, and / or information, including "Confidential" or "Highly Confidential" portions of any transcript, a party shall submit such materials to the court in accordance with Local Rule 79.2 (e) of the Local Rules of Practice and Procedure for the United States District Court, Eastern District of North Carolina.

16. All copies, extracts or summaries prepared from information or documents marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" and produced hereunder shall be subject to the same terms of this Order as the confidential material from which such copies, extracts or summaries were prepared, if properly designated.

17. Upon conclusion of this action, all information and documentation provided by a

party pursuant to discovery requests and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall be returned to the party or individual providing such information or documentation. This shall include all copies made of any such documentation.

18. Upon conclusion of this action, all information and documentation designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" that has been submitted to or filed with the Court during the pendency of this action shall be disposed of pursuant to Local Rule 79.2 (d) of the Local Rules of Practice and Procedure for the United States District Court, Eastern District of North Carolina.

19. Violation by any person of any term of this Order or the Nondisclosure Agreement may be punishable as contempt of court. Any person or entity that is affiliated with any party that produces Confidential Information in response to a discovery request or subpoena in this action shall be a third-party beneficiary of this Order and the Nondisclosure Agreement, and may pursue all remedies available for breach thereof.

20. Nothing in this Order shall prevent or restrict any person from using or disclosing in any manner its own Confidential Information that it has produced or disclosed in this action, and this Order shall not prevent disclosure beyond its terms of any information or documents with consent of both parties.

21. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, information, material, testimony or thing: (a) is relevant and subject to discovery; (b) is or is not confidential proprietary information; (c) constitutes or does not constitute confidential records; or (d) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party claims to be

privileged shall be governed by the facts and applicable law.

22. The inadvertent or unintentional failure by a producing party to designate specific documents, information, materials, or things as containing Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents, information, materials, or things. Upon prompt written notice to the receiving party following discovery by the producing party of such failure to designate, the receiving party shall cooperate with the producing party to restore the confidentiality of the inadvertently disclosed information, without prejudice.

23. Upon written notice by the producing party within ten (10) business days of learning of the inadvertent or unintentional disclosure of attorney-client or work product material, the producing party shall notify the receiving party that such material was unintentionally disclosed. Such inadvertent or unintentional production shall not constitute a waiver of the attorney-client privilege or work-product doctrine. Thereafter, the receiving party shall return within five (5) business days the originals and all copies of the documents or things containing the allegedly privileged information. If the receiving party disagrees that the information is protected from disclosure by the attorney-client privilege or work-product doctrine, or asserts that there has been an intentional waiver of privilege which encompasses the produced documents or things, the receiving party may keep one (1) copy of such material and any original deposition exhibits while it moves the court, within fifteen (15) business days of the producing party's written notice of inadvertent or unintentional disclosure, for an order that such information be produced, in which case, the party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists. The receiving party shall not use or rely upon any such documents or information until after the resolution of any such motion by the

Court.

24. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the agreement of the parties, nor the designation of any information, document, or the like as Confidential Information, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

25. If another court or administrative agency issues a subpoena or orders production of any Confidential Information received by a party pursuant to this Order, the receiving party shall promptly notify the producing party of the pendency of such subpoena or order.

26. This Order shall survive the final disposition of this action, including all appeals, and shall continue in full force and effect with respect to any Confidential Information. This Court shall retain jurisdiction necessary to enforce the terms of this Order.

This the 25th day of February, 2011.

_____
Presiding Judge

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:10 CV 63

| | |
|---|---|
| STONECREST PARTNERS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE BANK OF HAMPTON ROADS, )<br>Successor in interest by merger to )<br>GATEWAY BANK & TRUST CO. )<br>)<br>Defendant, )<br>)<br>)<br>v. )<br>)<br>DENNIS CHISUM, BLANCHE )<br>CHISUM, ELLIOT W. COLEMAN, )<br>TRACY COLEMAN, DANA J. JONES, )<br>KRISTI JONES, and DENNIS )<br>CROCKER, )<br>)<br>Third-Party-Defendants. )<br>) | <br><br><br><br><br><br><br><br><br><br><br>**NONDISCLOSURE AGREEMENT** |

I have read the attached Protective Order entered in the case of *Stonecrest Partners, LLC v. The Bank of Hampton Roads, as successor in interest by merger to Gateway Bank & Trust Co.*, No. 7:10-cv-63 (E.D.N.C.) and discussed its contents either with counsel for the party who is disclosing Confidential Material protected under this Order to me or with independent counsel. I agree to be bound by the Protective Order entered in this case.

Date:_____    Signed:_____

Print Name: _____

8476753_1.DOC
Case 7:10-cv-00063-FL   Document 71   Filed 02/25/11   Page 12 of 12