IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-63-FL

| | |
|---|---|
| STONECREST PARTNERS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE BANK OF HAMPTON ROADS, ) | |
| Successor in interest by merger to Gateway ) | |
| Bank & Trust Co., ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| v. ) | |
| ) | |
| DENNIS CHISUM, BLANCHE CHISUM, ) | |
| ELLIOT W. COLEMAN, TRACY ) | |
| COLEMAN, DANA J. JONES, KRISTI ) | |
| JONES and DENNIS CROCKER, ) | |
| ) | |
| Third-Party Defendants. ) | |

This matter comes before the court on the motion by Third-Party Defendants for judgment on the pleadings and to dismiss the third-party complaint pursuant to Rules 12(b), 12(c) and 14 of the Federal Rules of Civil Procedure. [DE-63]. Defendant/Third-Party Plaintiff ("the Bank") has responded in opposition to the motion [DE-79] to which the Third-Party Defendants have replied. [DE-80]. Accordingly, the motion is ripe for adjudication. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion is considered here as a recommendation to the District Court. See 28 U.S.C. § 636(b)(1)(B); see also Local Civil Rule 72.3(c). For the reasons below, this court recommends that the third-party complaint be dismissed without prejudice.

## STATEMENT OF THE CASE AND FACTS

This is an action instituted by Plaintiff Stonecrest Partners, LLC ("Plaintiff" or "Stonecrest") against the Bank for breach of a contract related to a loan Stonecrest obtained from the Bank to develop a real estate project in Brunswick County. The original amount of the loan was $8,700,000.00, while there are alleged to have been subsequent modifications to the original loan amount. Compl. Ex. 3 [DE-1-4] at 1; Ans., Countercl. & Third-Party Compl. [DE-6] at 4-5. The loan was collateralized by a deed of trust on the real estate under development (Compl. Ex. 3 [DE-1-4] at 2; Ans., Countercl. & Third-Party Compl. [DE-6] at 5) and in consideration for the loan, Stonecrest executed a promissory note ("Note") payable to the Bank. Ans., Countercl. & Third-Party Compl. [DE-6] at 5. In further consideration, the Third-Party Defendants (the "Guarantors"), who are individuals associated with Stonecrest as corporate officers and their spouses[1], executed personal guarantees of the Note to the Bank. Compl. Ex. 3 [DE-1-4] at 2; Ans., Countercl. & Third-Party Compl. [DE-6] at 9.

In its complaint, filed on or about March 25, 2010 in state court, Stonecrest alleges the Bank breached the terms of the loan commitment contract with Stonecrest by failing to fully fund the loan as agreed by the parties. Compl. [DE-1-1] ¶¶ 3-6. Stonecrest alleges a second cause of action against the Bank for the "negligent handling of the commitment/loan," and for failing to use "recognized and proper banking procedures in the carrying out of the commitment/loan obligation." Id. ¶ 9. On April 5, 2010, the Bank removed the case to federal court and, on April 23, 2010, filed

---

[1] The alleged Guarantors/Third-Party Defendants are Dennis Chisum, Blanche Chisum, Elliott W. Coleman, Tracy Coleman, Dana J. Jones, Kristi Jones and Dennis Crocker. Answer, Countercl. & Third-Party Compl.[DE-6] at 8 ¶¶ 3-9. Mr. Chisum, Mr. Coleman, Mr. Jones and Mr. Crocker are also members or member managers of Stonecrest. Ex. 1 [DE-6-1] at 8; Ex. 2 [DE-6-2] at 10; Ex. C [DE-54-3] at 10.

2

an answer denying liability and asserting various defenses. Answer, Countercl. & Third-Party Compl. [DE-6].

In its answer the Bank asserts a counterclaim against Stonecrest for collection on the Note, alleging Stonecrest has defaulted on its Note obligations thereby entitling the Bank to declare the amount of the indebtedness, interest and fees due immediately. Id. at 6-7 ¶¶ 15-22. The Bank seeks from Stonecrest collection on the Note in the amount of $5,497,009.23. Id. at 6 ¶ 13. Included in its answer, the Bank has filed a third-party complaint against the Guarantors. Id. at 7-12. The Bank seeks to collect from the Guarantors under the terms of the guaranty to pay the amount of the indebtedness on the Note. Id. at 10 ¶¶ 18-26. In particular, the Bank alleges that "[i]n consideration of the Note, the Guarantors executed identical, unconditional, and continuing [guarantees] on or about June 21, 2007, guaranteeing the indebtedness evidenced by the Note." Id. at 9 ¶ 11. The Bank alleges the Guarantors have "failed to perform the obligations and conditions required under the [g]uarantees" and "have defaulted on their obligations under the [g]uarantees by failing to pay the amount of the indebtedness when due, (and following demand), including, among other things, the principal balance, accrued interest, and late fees." Id. at 10 ¶¶ 20-21.

## STANDARD OF REVIEW

The Guarantors have moved to dismiss the third-party complaint pursuant to Rules 12(b) and 12(c) of the Federal Rules of Civil Procedure after having filed a responsive pleading to the claims contained therein. No further pleadings have been filed with respect to the claims contained in the third-party complaint and the pleadings in this case are closed. Although the Guarantors have asserted Rule 12(b) as a basis on which they move for judgment, their motion is properly reviewed under Rule 12(c). The analysis under these rules is very similar; a motion for judgment on the

3

Case 7:10-cv-00063-FL Document 87 Filed 06/15/11 Page 3 of 9

pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard employed in reviewing a Rule 12(b)(6) motion to dismiss. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Thus, the court must accept the factual allegations of the claim as true and construe them in the light most favorable to the nonmoving party. Coleman v. Maryland Court of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). In order to survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949) (subsequent citation omitted). While the court generally considers only the allegations of the pleadings in ruling on a Rule 12(c) motion, the court may consider documents that are "integral to and explicitly relied on in the complaint," so long as there is no question as to the documents' authenticity. See Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) (discussing Rule 12(b)(6) standard); Eagle Nation, Inc. v. Market Force, Inc., 180 F. Supp. 2d 752, 754 (E.D.N.C. 2001) (stating that for purposes of Rule 12(c) motion, "[t]he court may ... consider the documents and exhibits attached to and incorporated into the pleadings themselves").

## DISCUSSION

The Guarantors seek dismissal of the third-party complaint on the grounds that the cause of action asserted therein, collection on the Guaranty, is not based on derivative liability and therefore

is an improper third-party claim. In other words, the moving parties believe that because the Guarantors would not be required to reimburse the Bank should the Bank be found liable to Stonecrest, the third-party complaint is not proper under the rules governing third-party practice of Federal Rules of Civil Procedure.

### A. Fed. R. Civ. P. 14

The third party practice of the Federal Rules of Civil Procedure, Rule 14, defines among other things, when a defending party may "bring in" or implead a third party. In particular, Rule 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty <u>who is or may be liable to it for all or part of the claim against it</u>." Fed. R. Civ. P. 14(a)(1) (emphasis added). However, "[a] third-party defendant's liability under Rule 14 must be secondary or derivative to the defendant's liability to the plaintiff." <u>Deutsche Bank Nat'l Trust Co. v. Tyner</u>, 233 F.R.D. 460, 462 (D.S.C. 2006) (citing <u>Scott v. PPG Indus. Inc.</u>, 920 F.2d 927 (table), 1990 WL 200655, at *3 (4th Cir. Dec. 13, 1990)); <u>see</u> 6 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1446 (3d ed. 2001). Courts have noted that "[t]ypically, proper third party claims involve one joint tortfeasor impleading another, an indemnitee impleading an indemnitor, or a secondarily liable party impleading one who is primarily liable." <u>Watergate Landmark Condominium Unit Owners' Ass'n v. Wiss, Janey, Elstner Assoc., Inc.</u>, 117 F.R.D. 576, 578 (E.D.Va.1987). In essence, a third-party claim is "viable only where a proposed third party plaintiff says, in effect, '[i]f I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part ... of anything I must pay plaintiff.' " <u>Id</u>. Therefore, "[d]erivative liability is central to the operation of Rule 14," and the rule "cannot be used as a device to bring into a controversy matters

5

Case 7:10-cv-00063-FL Document 87 Filed 06/15/11 Page 5 of 9

which merely happen to have some relationship to the original action." Id.; see Tyner, 233 F.R.D. at 462.

The Bank's third-party claim seeks collection on the guaranty executed by the Guarantors to the Bank and is not premised on any liability the Bank may have to Stonecrest. Indeed, the Bank does not allege the Guarantors are derivatively liable to Stonecrest; rather the cause of action asserted by the Bank is a separate and independent claim from the liability alleged in the principal claims between the Bank and Stonecrest. Although collection by the Bank on the guaranty arises out of the same general set of facts as the claims between Stonecrest and the Bank, this claim is not based on derivative liability and may not be maintained under Rule 14. See Watergate, 117 F.R.D. at 578 ("Absent such derivative liability, a third party claim must fail"). For its part, the Bank does not dispute its claim has been asserted improperly under Rule 14. It is clear to the court that the third-party complaint is therefore improper.

**B.     Fed. R. Civ. P. 13**

The Bank responds however that its failure to join the Guarantors correctly under the Federal Rules of Civil Procedure does not compel dismissal of the mislabeled third-party claim.[2] Rather, the Bank argues the court may redesignate the third-party claim as a cross-claim and realign or join the Guarantors as cross-claimants through Federal Rules of Civil Procedure 19 and 20.[3] However,

---

[2] While the Bank has submitted argument on this point through its responsive briefing the Bank has not moved the court for the requested relief. See Local Civil Rule 7.1.

[3] In further support of its position the Bank offers Federal Rule of Civil Procedure 21, which provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. Although Rule 21 does not define misjoinder, federal courts have held that Rule 21 "applies when the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present some common question of law or fact." John S. Clark Co., Inc. v.

6

in light of the court's holding that the Bank has failed to satisfy the third-party practice requirements of Rule 14(a), the Bank's third-party complaint must be dismissed unless the claim is authorized by Rule 13(h). See Kirkcaldy v. Richmond County Bd. of Educ., 212 F.R.D. 289, 298-99 (M.D.N.C. 2002) (cross-claimant must meet the requirements of Rule 13(h) where he has failed to satisfy the third-party practice requirements of Rule 14(a)); see also Independent Liberty Life Ins. Co. v. Fiduciary & General Corp., 91 F.R.D. 535, 538 (W.D. Mich. 1981). Under Rule 13(h), persons who are not parties to the original action may be joined as parties to a counterclaim or cross-claim so long as the provisions of Rules 19 regarding compulsory joinder or Rule 20 regarding permissive joinder are followed. Fed. R. Civ. P. 13. However, an additional party may not be brought in where the counterclaim or cross-claim is directed solely against the new party and not against an existing party. See FDIC v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994) ("Rule 13(h) only authorizes the court to join additional persons in order to adjudicate a counterclaim or cross-claim that already is before the court or one that is being asserted at the same time the addition of a nonparty is sought.") (citation omitted); Republic Nat'l Bank v. Hales, 75 F. Supp. 2d 300, 310 n.8 (S.D.N.Y. 1999) ("A defendant's ability to bring in non-parties under this rule has its limits, and a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party") (internal quotation marks omitted); see Independent Liberty Life Ins. Co., 91 F.R.D. at 538 ("Rule 13(h) authorizes the court to add parties

---

Travelers Indemnity Co. of Ill., 359 F. Supp.2d 429, 437 (M.D.N.C. 2004) (quoting 7 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1683 (3d ed. 2001)). Rule 21 simply does not apply under these circumstances because the Bank's claim against the Guarantors stems from the underlying loan the Bank extended to Stonecrest.

    Finally, the Bank has not cited and the court has not found any case law to support the maintainability of the Bank's claim against the Guarantors under Fed. R. Civ. P. 1 under the set of circumstances now before this court.

7

in order to adjudicate a counterclaim involving at least one existing party"); 6 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1435 at 271 (2d ed. 1990) (under Rule 13(h) "a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least on existing party"). Here, the Bank seeks to add new parties (the Guarantors) in order to adjudicate the cross-claim; the cross-claim has not been asserted against an existing party. See Independent Liberty Life Ins. Co., 91 F.R.D. at 538 (Rule 13(h) authorized the court to add board members as new parties where counterclaim was to be asserted against them and an existing party to the action). The requirement of Rule 13(h) has therefore not been satisfied here and the court must dismiss the third-party complaint. See Kirkcaldy, 212 F.R.D. at 298-99 (dismissing third-party complaint and cross-claim complaint without prejudice where the requirements of Rules 14(a) and 13(h) were not satisfied).

## CONCLUSION

For the reasons stated above, this court RECOMMENDS the third-party complaint be dismissed without prejudice.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 15th day of June, 2011.

                                                                              Robert B. Jones, Jr.
                                                                              United States Magistrate Judge