IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-63-FL

| | |
|---|---|
| STONECREST PARTNERS, LLC, )<br>)<br>Plaintiff and Counter-Defendant, )<br>)<br>v. )<br>)<br>THE BANK OF HAMPTON ROADS, )<br>Successor in Interest by Merger to Gateway )<br>Bank & Trust Co., )<br>)<br>Defendant and Counterclaimant, )<br>)<br>v. )<br>)<br>DENNIS CHISUM, BLANCHE CHISUM, )<br>ELLIOT W. COLEMAN, TRACY )<br>COLEMAN, DANA J. JONES, KRISTI )<br>JONES, and DENNIS CROCKER, )<br>)<br>Counter-Defendants. ) | ORDER |

This matter comes before the court upon the motion of Dennis Chisum, Blanche Chisum, Elliot W. Coleman, Tracy Coleman, Dana J. Jones, Kristi Jones, and Dennis Crocker ("the Guarantors") for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (DE # 63). That motion was referred to Magistrate Judge Robert B. Jones Jr., who recommends in his memorandum and recommendation ("M&R") dated June 15, 2011 (DE # 87), that the court grant the motion and dismiss the third-party complaint of defendant The Bank of Hampton Roads ("the Bank") without prejudice. The Bank objected to this recommendation, and the issues raised are now ripe for review by this court. For the reasons that follow, the court declines

to adopt the recommendation of the magistrate judge. For the reasons that follow, the Guarantors' motion is denied and the parties are realigned as set forth in the caption above. The Guarantors shall be given an opportunity to file a new response to the redesignated counterclaim.

## STATEMENT OF THE CASE

On March 25, 2010, plaintiff Stonecrest Partners, LLC ("Stonecrest") filed this breach of contract and negligence action in state court, alleging that Gateway Bank & Trust Co. failed to follow through with a loan commitment agreement. The Bank, the successor in interest by merger to Gateway Bank & Trust Co., removed the action to federal court and filed an answer denying liability. The Bank also filed a counterclaim against Stonecrest, seeking to collect on a promissory note that is allegedly in default, and initiated a third-party complaint against the Guarantors seeking to collect on a guaranty executed contemporaneously with the promissory note. The Guarantors then filed a third-party counterclaim against the Bank.

On June 2, 2010, the Bank moved for judgment on the pleadings on the Guarantors' third-party counterclaim, arguing that the Guarantors' claim under the Equal Credit Opportunity Act ("ECOA") was time-barred. The Guarantors timely rose in opposition, and the Bank replied. By order entered September 8, 2010, the court granted the Bank's motion.

On September 20, 2010, Stonecrest moved to amend its complaint. The proposed amended complaint included Stonecrest's original breach of contract and negligence claims, as well as claims for fraud, constructive fraud, and unfair and deceptive trade practices under North Carolina law. Also included in the proposed amended complaint was a demand for punitive damages. Before the Bank responded to the motion to amend, Stonecrest's counsel unexpectedly passed away, and new counsel withdrew the motion.

2

On November 30, 2010, Stonecrest, through new counsel, filed an untimely second motion to amend its complaint. This new proposed amended complaint contained declaratory judgment, unfair and deceptive trade practices, fraud, fraud in the inducement, rescission, constructive fraud, breach of contract, negligence, and negligent misrepresentation claims, and included a demand for injunctive relief. It also proposed realigning the parties, with Stonecrest and the Guarantors both appearing as plaintiffs and the Bank as defendant.

The Bank opposed Stonecrest's motion for leave to amend, arguing that the motion was untimely under the scheduling order in this case and that the amendment would be prejudicial and futile. The order was referred to the magistrate judge, who denied leave to amend the scheduling order and denied the motion to amend by order entered January 31, 2011. This court upheld the magistrate judge's order on appeal.

On February 14, 2011, the Guarantors moved to dismiss the Bank's third-party complaint. They contend that a third-party complaint under Rule 14 may only be asserted against a party whose liability is secondary or derivative to the defendant's liability to the original plaintiff. The Bank, agreeing that the Guarantors' liability is not derivative and conceding therefore that its third-party complaint was improperly brought under Rule 14, nevertheless asks the court to remedy this procedural defect of its own initiative by realigning the parties and redesignating the third-party complaint as a counterclaim.

The magistrate judge recommends the court grant the Guarantors' motion and dismiss the third-party complaint without prejudice. He reasons that the proposed claim seeking to collect on the guaranty cannot be asserted as a counterclaim against the Guarantors under Rule 13(h) because it is asserted solely against them and not also against the original plaintiff, Stonecrest. In its

3

objection filed July 6, 2011, the Bank asks the court not to adopt this recommendation, arguing that the magistrate judge's interpretation of the rules is overly technical and fails to recognize the court's inherent authority to order relief under Rule 1 and Rule 21. The Bank asserts that the Guarantors will suffer no prejudice to realignment and have waived the procedural challenge set forth in the motion to dismiss by voluntarily participating in this litigation.

**DISCUSSION**

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court may also "recommit the matter to the magistrate judge with instructions." Id.

B.  Analysis

There is no dispute that the Bank's claim against the Guarantors may not be asserted via a third-party complaint pursuant to Rule 14. As the magistrate judge rightly noted, and as the Bank concedes, a third-party claim under Rule 14 may only be asserted against a party whose liability is derivative of defendant's liability to plaintiff. See E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc., 688 F. Supp. 2d 443, 462 (E.D. Va. 2009); Deutsche Bank Nat'l Trust Co. v. Tyner, 233 F.R.D. 460, 462 (D.S.C. 2006); GE Healthcare Fin. Servs. v. EBW Laser, Inc., 225 F.R.D. 176, 180

4

(M.D.N.C. 2004). Because the Bank's attempt to collect on the guaranty does not implicate any derivative liability on the part of the Guarantors, the magistrate judge did not clearly err in concluding that the Bank's third-party complaint is improper.

The magistrate judge also correctly recognized that a counterclaim, such as that now sought to be brought by the Bank through realignment of the parties, may only be asserted against the Guarantors, who were not original parties to this action, if the dictates of Rule 13(h) are met. See Kirkcaldy v. Richmond County Bd. of Educ., 212 F.R.D. 289, 298-99 (M.D.N.C. 2002). Pursuant to that rule, "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h). Courts have consistently held that, although an additional party may be added to the litigation in a counterclaim,

> Rule 13(h) only authorizes the court to join additional persons in order to adjudicate a counterclaim or cross-claim that already is before the court or one that is being asserted at the same time the addition of a nonparty is sought. This means that a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party. If it is not directed to an existing party, neither the counterclaim nor the party to be added will be allowed in the action.

Charles Wright, Arthur Miller, and Mary Kane, Federal Practice & Procedure §1435 (3d ed. 2010); accord FDIC v. Bathgate, 27 F.3d 850, 873 & n.13 (3d Cir. 1994); Glynn v. EDO Corp., 641 F. Supp. 2d 476, 479 n.3 (D. Md. 2009); Kirkcaldy, 212 F.R.D. at 299.

The magistrate judge interpreted this requirement of Rule 13(h) as dictating that "each individual counterclaim against a non-party must also be asserted against an existing party, rather than merely asserted in the same pleading as those asserted against existing parties." See AllTech Commc'ns, LLC v. Brothers, 601 F. Supp. 2d 1255, 1261 n.3 (N.D. Okla. 2008). In this case, the Bank's claim to collect on the guaranty is to be asserted solely against the Guarantors. Stonecrest,

the original plaintiff, is not a party to the counterclaim asserted against the Guarantors. A separate counterclaim against Stonecrest seeks collection on the promissory note guaranteed by the Guarantors, but collection on the note is not the same as collection on the guaranty – the claims seek to enforce distinct contractual obligations. See Investment Props. of Asheville, Inc. v. Norburn, 281 N.C. 191, 195, 188 S.E.2d 342, 345 (1972). As such, under the theory of Rule 13(h) adopted by the magistrate judge, the Bank's counterclaim is improper.

Other cases, however, offer a more liberal interpretation of Rule 13(h)'s requirement that a counterclaim "involve at least one existing party." These courts read Rule 13(h) as requiring only that, at the time a counterclaim is to be asserted against a nonparty under the provisions of Rule 19 or 20, one or more counterclaims already be asserted against an existing party or that they be asserted at the same time (*i.e.*, in the same pleading) as the counterclaim against the nonparty.[1] See, e.g., Various Markets, Inc. v. Chase Manhattan Bank, N.A., 908 F. Supp. 459, 471 (E.D. Mich. 1995); Lanier Bus. Prods. v. Graymar Co., 342 F. Supp. 1200, 1202 (D. Md. 1972); see also Kirkcaldy, 212 F.R.D. at 299 ("Rule 13(h) imposes as a necessary prerequisite that the [defendant] first assert a claim against another cross-claim defendant [before joining cross-claimants who are not parties to the action]."). Here, Rule 13(h)'s provisions are satisfied because there is a counterclaim pending against Stonecrest and, in the same pleading, a claim against the Guarantors for the same indebtedness is alleged, which arises out of the same series of transactions or occurrences and involves common questions of law and/or fact. See Fed. R. Civ. P. 20(a)(2).

---

[1] The Bank relies heavily on Livera v. First National State Bank of New Jersey, 879 F.2d 1186 (3d Cir. 1989), which also involved a counterclaim asserted against nonparty guarantors. Livera does not speak to the problem addressed by the magistrate judge, however, because the original plaintiffs were also guarantors of the loan and the counterclaim was asserted against them as well as the added parties. See id. at 1188, 1191. The Third Circuit did not comment on the necessity of including at least one existing party in any claim asserted via counterclaim.

There is no Fourth Circuit precedent suggesting which of these approaches is correct, and the various district courts have not spoken with a unified voice. Nevertheless, as the Bank correctly notes, the Federal Rules of Civil Procedure are to "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding," see Fed. R. Civ. P. 1, and "joinder of claims, parties and remedies is strongly encouraged," with courts "entertaining the broadest possible scope of action consistent with fairness to the parties," see United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Indeed, "the main purpose of Rule 13(h) is to dispose of an action in its entirety and to grant complete relief to all the concerned parties," and courts have construed the rule "liberally in an effort to avoid multiplicity of litigation, minimize the circuity of actions, and foster judicial economy." Wright, Miller & Kane, Federal Practice & Procedure § 1434. Based on the foregoing principles, and in light of the Guarantors' apparent concession that Rule 13(h) would have permitted the Bank's counterclaim against them absent the incorrect citation of Rule 14(a),[2] this court is inclined to adopt the more liberal approach suggested by Various Markets, Inc., 908 F. Supp. at 471 and Lanier Business Products, 342 F. Supp. at 1202.

Accordingly, defendants' third-party claim will be redesignated as a counterclaim against the Guarantors. But this raises additional issues for the court's consideration. The Guarantors seek an opportunity to amend their responsive pleading to the newly designated counterclaim. The Bank argues that the Guarantors waived any challenge to the procedural error identified in the motion to dismiss by participating in this case for a number of months, would not suffer any prejudice because they have already had the opportunity to answer the allegations in the counterclaim, and are

---

[2] In their memorandum in support of their motion to dismiss, the Guarantors state that "[t]he proper process to add the Gurantors as parties on the Bank's counterclaim would have been to file a Rule 13, 19, or 20 [m]otion . . . ." See Third-Party Defs.' Mem. Supp. Mot. to Dismiss 3.

attempting to secure the opportunity to amend their responsive pleading as a way of circumventing this court's prior order denying them leave to amend their answer and counterclaim to the Bank's third-party complaint. See Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778 (E.D.N.C. 2011); see also Stonecrest Partners, LLC v. Bank of Hampton Roads, No. 7:10-CV-63-FL, 2010 WL 3732100 (E.D.N.C. Sept. 8, 2010) (granting the Bank's motion for judgment on the pleadings as to the Guarantor's original third-party counterclaim).

Despite the argument of the Bank that this effectively gives the Guarantors a "second bite at the apple," the court is inclined to agree with the Guarantors that equity requires they be given an opportunity to file a new responsive pleading to the Bank's redesignated counterclaim. The Bank's third-party claim properly could have been dismissed without prejudice under Rule 14, and the accommodation given by the court of instead converting that claim into one under Rule 13 merits equal accommodation to the Guarantors. This may very well allow the Guarantors to effectively circumvent the court's order on their earlier motion to amend. But this result stems not from any error in the previous order or "gamesmanship" on the part of the Guarantors, but instead from deficiencies in the litigation of this matter by counsel for each party. Although the Bank argues that its error does not implicate Rule 16(b) because the Guarantors will suffer no prejudice, it is difficult distinguish between the Bank's eleventh hour request to correct its deficient pleading and the Guarantors' untimely motion to amend.[3]

---

[3] The court has no cause to revisit its earlier decision on that motion, brought jointly by Stonecrest and the Guarantors in November 2010, which was denied because it was untimely under the scheduling order in this case, and no good cause had been shown under Rule 16(b) to extend the deadline for the filing of motions to amend. See Stonecrest Partners, 770 F. Supp. 2d at 784-85. Accordingly, although the Guarantors will be allowed to file a new responsive pleading in the face of the Bank's redesignated counterclaim, Stonecrest is not permitted any further opportunity to amend its complaint in order to add additional claims against the Bank or assert additional defenses to the Bank's counterclaim. There was no deficiency in the Bank's answer or counterclaim against Stonecrest.

8

Accordingly, the Guarantors' motion to dismiss is denied. The Bank's third-party claim is redesignated as a counterclaim, and is deemed served on the Guarantors as of the date of entry of this order. The Guarantors shall have twenty-one (21) days from date of entry of this order to file their responsive pleading to the Bank's counterclaim. If any claims against the Bank are asserted by the Guarantors, the Bank shall have twenty-one (21) days from service to file their own responsive pleading. Where the court reasonably expects that these new pleadings may require additional discovery, and where the deadline for filing dispositive motions is fast approaching, the dispositive motions deadline is suspended and this matter is removed from the court's trial calendar. Within fourteen (14) days after the pleadings are again framed, the parties are to submit a supplemental joint report and plan, which shall include information regarding what additional discovery is needed, if any, as well as a proposed discovery deadline and dispositive motions deadline that takes this additional discovery into consideration.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court declines to adopt the recommendation of the magistrate judge in full. The court concludes that the magistrate judge correctly determined that the Bank's claim against the Guarantors may not be asserted via a third-party complaint pursuant to Rule 14. But the court also concludes that it is appropriate to redesignate that claim as a counterclaim under Rule 13(h) and 20(a)(2), rather than dismissing it without prejudice as recommended by the magistrate judge. Accordingly, the Guarantor's motion for judgment on the pleadings (DE # 63) is DENIED and the Clerk is directed to conform the case caption to that presented in this order.

9

Case 7:10-cv-00063-FL   Document 98   Filed 08/18/11   Page 9 of 10

The Bank's counterclaim is deemed served on the Guarantors as of the date of entry of this order. The Guarantors shall have twenty-one (21) days from date of entry of this order to file a responsive pleading to the Bank's counterclaim. If any claims against the Bank are asserted in that responsive pleading, the Bank shall have twenty-one (21) days from service to file their own responsive pleading. The dispositive motions deadline is suspended and this case removed from the trial docket. Within fourteen (14) days after the pleadings are framed, the parties shall submit supplemental joint report and plan to the court.

SO ORDERED, this the 17th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

10

Case 7:10-cv-00063-FL    Document 98    Filed 08/18/11    Page 10 of 10